58 F.3d 380
 OXY USA, INC., formerly known as Cities Service Oil & Gas
Corporation, Appellant,
v.
HARTFORD INSURANCE GROUP, formerly known as The Hartford
Fire Insurance Company; Hartford Accident and
Indemnity Company, Appellees.
 No. 94-2406.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 15, 1995.
Decided June 28, 1995.
 
 Glen Bruhschwein and Paul Kloster, Dickinson, ND, for appellant.
 Carol Kapsner, John Kapsner, and Leslie Oliver, Bismarck, ND, for appellee.
 Before MAGILL, Circuit Judge, and HEANEY and JOHN R. GIBSON, Senior Circuit Judges.
 HEANEY, Senior Circuit Judge.
 
 
 1
 OXY USA, Inc., formerly known as Cities Service Oil and Gas Corporation, commenced an action against the Hartford Insurance Group alleging that it wrongfully denied insurance coverage to Cities Service under a policy between Hartford and Schmidt Electric, Inc. The district court granted summary judgment in Hartford's favor, and OXY USA appeals. We reverse.
 
 
 2
 In 1983 Cities Service entered into a Master Service Agreement with Schmidt to perform electrical work in Cities Service's oil field operations in North Dakota. Under that contract Schmidt agreed to defend and indemnify Cities Service and hold it harmless from liability arising out of the contract, unless the liability resulted from Cities Service's sole negligence. Schmidt also agreed to provide insurance coverage for Cities Service under Schmidt's policy.
 
 
 3
 Schmidt was insured by the Hartford Insurance Group. The policy provided Schmidt with general comprehensive liability coverage. It also provided that if Schmidt became obligated to provide insurance to a third party, Hartford would insure that third party so long as Schmidt had furnished the name of the third party to Hartford.
 
 
 4
 In 1985 there was an explosion in a building owned by Cities Service on which Schmidt had performed the electrical work. Two employees of another subcontractor were seriously injured in the explosion. The employees sued several parties, including Cities Service and Schmidt, for negligence. Cities Service cross-claimed against Schmidt based on the provision in their Master Service Agreement that Schmidt would defend and indemnify Cities Service in such suits and would maintain insurance coverage for Cities Service under its own policy. In 1988 Cities Service tendered its defense in the state action to Hartford based on the language in the Master Service Agreement. Hartford refused Cities Service's tender of defense, claiming that the company was not insured by Hartford because Schmidt had not furnished Cities Service's name to Hartford in the manner required by the insurance policy.
 
 
 5
 The underlying state court action brought by the subcontractor's injured employees was settled without a determination of negligence. Cities Service's cross-claim against Schmidt has been stayed pending resolution of the insurance coverage issue presented in this appeal. Thus, issues of liability and indemnity as between Schmidt and Cities Service have not yet been determined. The only issue in this appeal is whether Cities Service is covered under the Hartford insurance policy in its own right.
 
 
 6
 We review de novo a grant of summary judgment. Burk v. Nance Petroleum Corp., 10 F.3d 539, 542 (8th Cir.1993). The interpretation of an insurance contract is a matter of law that is also reviewed de novo. John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 417 (8th Cir.1991); see also Miller v. Schwartz, 354 N.W.2d 685, 688 (N.D.1984). We first must decide whether the contract is unambiguous, i.e., whether the parties' intentions can be ascertained from the writing alone. N.D. Cent.Code Sec. 9-07-04; Miller, 354 N.W.2d at 688. The words of a contract are to be understood in their ordinary and popular sense. N.D. Cent.Code Sec. 9-07-09. If the language of the contract is ambiguous, we will consider extrinsic evidence of intent. Miller, 354 N.W.2d at 689.
 
 
 7
 The policy provision at issue in this case reads:
 
 
 8
 XVII. ADDITIONAL PERSONS INSURED--REQUIRED BY CONTRACT OR
 
 BY ISSUANCE OF A PERMIT
 
 9
 (A) The "Persons Insured" provision is amended to include as an insured any person, organization, trustee, estate or governmental entity to whom or to which the named insured is obligated, by virtue of a written contract or agreement or by virtue of the issuance or existence of a permit, to provide insurance such as is afforded by this policy ...
 
 
 10
 ... provided that
 
 
 11
 (b)(1) the name of such person, organization, trustee, estate or governmental entity has been furnished to the company as of the effective date of the policy ...
 
 
 12
 Jt.App. 50.
 
 
 13
 The district court found that the insurance policy was unambiguous and that the term "furnish" required Schmidt to ask Hartford to add Cities Service's name to the contractual liability endorsement. Because Schmidt did not do so, the court concluded that Cities Service is not covered under the terms of the policy. We disagree.
 
 
 14
 Words in a contract are to be given their "ordinary and popular" meaning unless the parties have assigned a technical or special meaning to them. N.D. Cent.Code Sec. 9-07-09. In this insurance policy there is no indication that the word "furnish" has been used in a technical or special sense. Unlike several other terms, the word "furnish" is not defined in the contract itself, nor is there repeated or peculiar usage of the term which might indicate a specialized meaning. The ordinary meaning of "furnish" is to "supply" or "give." Webster's Ninth New Collegiate Dictionary 499 (1986). In the context of this policy, we conclude that the language requiring Schmidt to "furnish" a third party's name to Hartford in order to trigger insurance coverage means some manner of alerting Hartford to Schmidt's relationship with Cities Service.
 
 
 15
 It is undisputed that Schmidt called Hartford's insurance agent and asked that Hartford issue a certificate of insurance and send it to Cities Service. Hartford did so on August 9, 1983, and February 24, 1984. See Jt.App. 61, 62. A copy of each certificate was sent to Hartford's Minneapolis office. This action was sufficient to furnish Hartford with Cities Service's name for the purposes of falling within coverage under paragraph XVII.
 
 
 16
 Paragraph XVII does not require that a third party's name be added to the endorsement, nor do any of the other contract provisions presuppose or otherwise indicate that Schmidt was required to request that Cities Service's name be added, to notify Hartford of Schmidt's Master Service Agreement with Cities Service, or to provide Hartford with a copy of that agreement. The simple and plain language of the contract provides coverage so long as the third party's name has been furnished to Hartford. It does not require that the third party be named on the endorsement, or that any other steps be taken, in order to be covered under the policy.
 
 
 17
 We hold that Schmidt furnished the name of Cities Service to Hartford so as to afford coverage for Cities Service under the insurance policy. We reverse the summary judgment and order entry of judgment in favor of Cities Service on this issue.